## W. H. Cundiff v. D. R. Herron.

1. In an action on a written obligation, it was error to allow the defendant, without any plea in abatement, to adduce evidence to the jury in disproof of the plaintiff's right to sue.

2. In a suit by an assignee of a written obligation for a quantity of corn, the court below, disregarding objections by the plaintiff, allowed the defendant to prove certain *ex parte* statements made after the date of the obligation, by the obligee, who was not a party to the action. *Held*, that this also was error.

3. But it being pleaded by the defendant that the money paid for the corn contracted was Confederate treasury notes, which were worthless and issued contrary to law, and there being in the record ample legal evidence to sustain this defense, the errors above indicated become immaterial, and the judgment below in favor of the defendant will not be disturbed.

Appeal from Houston. Tried below before the Hon. Samuel L. Earle.

The facts are sufficiently stated in the opinion of the court.

*Stewart & Nunn*, for the appellant, as to pleas in abatement cited Aulanier v. Governor, 1 Texas, 664; Coles v. Perry, 7 Texas, 171; Tinnan v. Wetherford, Dallam, 590; and as to evidence, Mills v. Mitchell, 1 Texas, 443, and Lemmon v. Hanley, 28 Texas, 227.

No brief for the appellee.

WALKER, J.—This was an action brought in the District Court of Houston county on a simple contract, in the words and figures following, to-wit:

"CROCKETT, November 26, 1864.

"Received of A. C. Strain twenty-six hundred and thirty dollars in consideration for eight hundred bushels of corn, which I will deliver to E. W. Hodges or his order.

"D. R. HERRON"

This instrument is indorsed as follows: "pay W. H. Cundiff."
  (Signed)                       "A. C. STRAIN."

The petition is in ordinary form, to which the defendant filed answers, setting up that the money mentioned in the note sued upon was Confederate treasury notes; that they were wholly worthless, issued without proper authority and contrary to law.

This defense, if true, was a sufficient bar to the action. The court doubtless erred in permitting evidence to go to the jury, denying the right of Cundiff to bring the action, unless his inability to cue had been properly alleged by a plea in abatement.

There was further error committed in suffering the *ex parte* statement of E. W. Hodges, who was not a party to the action, to be brought before the jury through the depositions of other witnesses.

But there was no error in permitting the defendant, under his answer, to show by parol the illegality of the contract sued upon.

The jury found for the defendant, and the facts as proven by A. C. Strain are abundantly sufficient to justify the finding.

We are not aware, as intimated by counsel for appellant, that the rulings of this court heretofore are at variance with the decisions of the United States courts. And under our own former rulings, regarding the errors which were committed by the district court as totally immaterial to the proper disposition of the case, the judgment of the district court is affirmed.

Affirmed.